UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BARBARA GILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:10-CV-251 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The parties appeared before the undersigned, telephonically, on May 23, 2013, to address discovery disputes. Attorneys Adam Holland and Phillp Fleenor were present representing the Plaintiff. Attorney Amy Steketee was present representing the Defendant.

**A.     Third Deposition of Plaintiff**

The first issue before the Court is Defendant's request to extend the time allotted for the Plaintiff's third deposition. In a Report and Recommendation [Doc. 106], issued on April 2, 2013, and adopted by the District Judge on April 18, 2013, the Court ordered that this deposition not exceed three (3) hours in length. Defendant moves the Court to order the Plaintiff to sit for four (4) additional hours of deposition, for a total of seven (7) hours.

In support of this request, Defendant states that Plaintiff has produced approximately 2500 pages of additional documents since her second deposition. Defendant argues that it needs addition time to examine Plaintiff with regard to these documents. Further, Defendant asserts

that it needs additional time to question the Plaintiff about the steps she has taken to retrieve and produce relevant emails.

Plaintiff opposes the Defendant's request. Plaintiff asserts that the three (3) hours afforded in the Report and Recommendation is sufficient to address the pending issues. Plaintiff argues that some of the documents produced are many years old and will not require in-depth questioning for purposes of this case. Plaintiff also states that some of the documents produced had already been produced to the Defendant earlier in the discovery process.

For the reasons more fully stated in the telephone conference, the Court finds that the Defendant's request is well-taken in part. The parameters of the third deposition are modified as follows: Plaintiff will sit for **up to six (6) hours** of deposition examination. The Plaintiff will bear the costs and expenses for the first three (3) hours of the examination [Doc. 106 at 21], and the Defendant will bear the costs for any examination after the three first three hours. While the Plaintiff will bear attorneys' fees and costs in the first three (3) hour period, as a sanction for earlier discovery abuses [see Doc. 106], the Defendant will bear only costs, *not* attorneys' fees, for examination taking place during the fourth, fifth, or sixth hour. If the use of any time over the three-hour mark results in the court reporter's fee being a fee for a full day, the parties will split the fee on a fifty-fifty basis. Otherwise, the court reporter fee will be split on a pro rata basis.

Based upon the agreement of the parties, it is **ORDERED** that the Plaintiff will sit for this deposition at **9:30 a.m. on May 30, 2013**.

B.   **Inspection of Plaintiff's Email Account**

Defendant moves the Court to allow the Defendant to contract with a third-party expert to inspect and preserve the contents of Plaintiff's email accounts. Defendant argues that this

2

Case 3:10-cv-00251   Document 111   Filed 05/24/13   Page 2 of 4   PageID #: 1903

inspection is necessary to determine whether the Plaintiff complied with the Court's order to produce any and all relevant emails. Defendant asserts that the email production is incomplete. It cites the Court to emails and attachments that it believes exist and have not been produced.

Plaintiff opposes this request based upon the breadth of the request.

The Court finds that this request is overly broad. The request exceeds the scope of Rule 26, and for the reasons more fully stated at the conference, the Court will not grant the requested relief. The Defendant may serve expedited document requests identifying specific documents it believes that it has not received. Counsel for the Plaintiff has confirmed that he will confer with his client about any such document requests timely served, and that the Plaintiff will produce any responsive documents or state that there are no responsive documents before the Plaintiff's deposition commences on **May 30, 2013**. The Court finds that this expedited procedure will adequately remedy the Defendant's discovery issue.

**C.     Conclusion**

In sum, Plaintiff will sit for a deposition at **9:30 a.m. on May 30, 2013.** This deposition will not exceed **six (6) hours,** and the costs and expenses of the deposition will be borne in a manner consistent with the Court's ruling above. To the extent Defendant believes Plaintiff has not produced relevant emails, Defendant is granted leave to serve requests for specific documents on Plaintiff's counsel. Plaintiff's counsel shall respond to the requests before **9:30 a.m. on May 30, 2013**. Finally, as the undersigned reminded the parties at the conference, this

case is set for trial on **July 22, 2013**.  The parties must be diligent in preparing this case to proceed to trial at that time.

    **IT IS SO ORDERED**.

                                ENTER:

                                <u>    s/ H. Bruce Guyton    </u>
                                United States Magistrate Judge