UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BARBARA GILLEY,                )
                               )
        Plaintiff,              )
                               )
v.                             )    No.:   3:10-CV-251
                               )           (VARLAN/GUYTON)
ELI LILLY AND COMPANY,         )
                               )
        Defendant.              )

**MEMORANDUM OPINION AND ORDER**

This civil case is before the Court on the Report and Recommendation entered by United States Magistrate H. Bruce Guyton on July 15, 2013 [Doc. 131], plaintiff's Motion for Recusal of Presiding Judge(s) Varlan/Guyton [Doc. 129], and plaintiff's Motion for Order to Stay Judicial Proceedings [Doc. 130].

**I.    Motion for Recusal**

In plaintiff's motion for recusal, she argues that both Magistrate Judge Guyton and the undersigned have shown bias and prejudice against plaintiff in the decisions to grant her an additional extension to acquire new counsel following the withdrawal of her two prior attorneys. She asserts that Judge Guyton and the undersigned "have been unnecessarily harsh" in denying her motion to continue the trial date [Doc. 129, p. 2; *see also* Doc. 123]. Therefore, plaintiff requests that the Court remove Magistrate Judge Guyton and the undersigned from this case and that another judge be assigned to hear the matter.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "It has long been the law of this circuit that 'a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). As the Sixth Circuit has observed, the standard for disqualification of a judge is an objective one, "hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989)). Furthermore, the Supreme Court has observed that bias that requires recusal must be personal or extrajudicial. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Sammons*, 918 F.2d at 599. "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (quotations omitted). The basis for recusal under § 455(a), therefore, cannot be a judge's prior ruling.

Besides plaintiff's own subjective belief that disqualification is warranted, plaintiff has given no grounds upon which the undersigned should be disqualified from hearing this case. Plaintiff's motion is based upon the Court having denied her motion to continue the trial date in order to obtain new counsel. As the Court described in the order denying the motion to continue, plaintiff's case has been pending for over three years,

and her request was for the sixth continuance of the matter. Plaintiff has given no specific examples of incompetence, impartiality, or bias, and she has not explained why the denial of her motion to continue indicated personal bias against her other than based upon participation in the proceedings. *See Nelson*, 922 F.2d at 319-20. Moreover, plaintiff has given no reason why a reasonable person would question this Court's, or Magistrate Judge Guyton's, ability to remain impartial. Accordingly, plaintiff's Motion for Recusal of Presiding Judge(s) Varlan/Guyton [Doc. 129] will be **DENIED**.

## II.     Report and Recommendation

"Any dispositive report and recommendation by a magistrate judge is subject to de novo review by the district court *in light of specific objections filed* by any party." *Williams v. Bates*, 42 F.3d 1390, 1994 WL 677670, at *2 (6th Cir. 1994) (table) (emphasis in original) (citations omitted). The filing of a general or non-specific objection to a report and recommendation is tantamount to the filing of no objections at all. *Spencer v. Bouchard*, 49 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

In the report and recommendation, the magistrate judge recommends that Defendant's Motion for Sanctions for Spoliation [Doc. 119] be granted and that the case be dismissed. Plaintiff filed a brief "Response to Report and Recommendation," asserting as follows:

> COMES not the Plaintiff, Barbara Gilley, Pro Se', in response to Judge Guyton's Report and Recommendation (Doc 131, filed on July 15,

3

Case 3:10-cv-00251-TAV-HBG   Document 135   Filed 08/29/13   Page 3 of 5   PageID #: 2327

> 2013). The Report and Recommendations was filed after the Plaintiffs' Motion for Stay in Judicial Proceedings (Doc 130, Motion for Recusal of Judges Varlan/Guyton (Doc 129), and Notice of Appeal (Doc 128) filed on July 12, 2013.
>
> WHEREFORE, the Report and Recommendation should be null and void.

[Doc. 132]. The Court finds that these objections fall within the category of non-specific or general. Reviewing the objections through the lens of plaintiff's *pro se* status, it appears that she argues that Magistrate Judge Guyton erred in ruling on defendant's motion to dismiss, or taking any action on this case at all, because she had filed her motion to recuse, motion to stay this action, and notice of appeal. As the Court now rules upon and denies plaintiffs' motion to recuse, the Court finds that this argument is now moot. The dismissal of this case through the adoption of the findings of the report and recommendations also renders moot plaintiff's motion to stay the proceedings. As to the notice of appeal, the Sixth Circuit has found [Doc. 134] that plaintiff's attempt to appeal at this stage in the litigation was inappropriate and has denied that attempt. Accordingly, the Court finds no merit to plaintiff's one-page response/objection to the report and recommendation.

The Court has carefully reviewed this matter, including the underlying motion, response, the memorandum in support of the motion, and the relevant exhibits, and the Court is in agreement with the magistrate judge's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 131], and it is **ORDERED** that Defendant's

Motion for Sanctions for Spoliation [Doc. 19] is **GRANTED**.

### III. Conclusion

For the reasons stated above, plaintiff's Motion for Recusal of Presiding Judge(s) Varlan/Guyton [Doc. 129] is **DENIED**, Defendant's Motion for Sanctions for Spoliation [Doc. 19] is **GRANTED**, plaintiff's Motion for Order to Stay Judicial Proceedings [Doc. 130] is **DENIED as moot**, and this case is hereby **DISMISSED**. The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE