UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BARBARA GILLEY,               )
                             )
          Plaintiff,          )
                             )
v.                            )          No.:  3:10-CV-251-TAV-HBG
                             )
ELI LILLY AND COMPANY,        )
                             )
          Defendant.          )

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on Plaintiff's Motion to Alter or Amend Court's Partial Summary Judgment [Doc. 136], plaintiff's Motion to Leave to Amend Complaint [Doc. 140], and plaintiff's second Motion to Leave to Amend Complaint [Doc. 141]. Defendant filed a response to the motion to alter or amend [Doc. 138], and plaintiff replied [Doc. 139]. Defendant, however, did not respond to the motions to amend the complaint, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1, 7.2.

On June 17, 2013, defendant filed a renewed motion for dismissal or other sanctions based upon plaintiff's discovery violations [Doc. 119]. This motion followed the Court's April 18, 2013 order [Doc. 107] adopting Magistrate Judge H. Bruce Guyton's April 2, 2013 Report and Recommendation ("R&R") [Doc. 106] on defendant's February 20, 2013 motion to dismiss as sanctions for discovery abuse and for spoliation [Doc. 94]. In defendant's June 17 motion for sanctions, defendant sought dismissal based on plaintiff's discovery violations, including her belated production of relevant

documents (some of which contradicted assertions and positions plaintiff had previously taken in this case), her production of a fraudulent document, her disavowal of her interrogatory answers, her inconsistent deposition testimony regarding the fraudulent document and other matters, and her failure to comply with the Court's April 18, 2013, order regarding the production of additional documents. Plaintiff's deadline for responding to defendant's motion for sanctions was July 11, 2013. Instead of filing a response, plaintiff filed a motion for extension of time [Doc. 126], which was denied on July 8, 2013 [Doc. 127], leaving plaintiff three days to file a response if she chose. Instead, plaintiff filed a notice of appeal, a motion for recusal, and a motion to stay [Docs. 128, 129, 130]. On July 15, 2013, Magistrate Judge Guyton issued an R&R on defendant's motion for sanctions recommending dismissal with prejudice [Doc. 131]. On July 31, 2013, plaintiff filed a two-sentence response to the R&R [Doc. 132], objecting because the R&R was entered after plaintiff had filed the notice of appeal, motion for stay, and motion for recusal. On August 29, 2013, this Court entered an order [Doc. 135] granting defendant's motion for sanctions, adopting the R&R in whole, denying plaintiff's motions to stay and for recusal, and dismissing the lawsuit.

Shortly thereafter, on September 26, 2013, plaintiff filed Plaintiff's Motion to Alter or Amend Court's Partial Summary Judgment [Doc. 136]. In that motion, plaintiff contends the Court erred in dismissing the lawsuit because dismissal is a harsh remedy and other, less drastic sanctions may have been appropriate; plaintiff's efforts to comply with her discovery obligations were hindered by her previous counsel; defendant suffered

no prejudice by plaintiff's belated production; and the Court's August 29, 2013 order granting defendant's motion for sanctions neglected to discuss its reasoning for adopting Magistrate Judge Guyton's R&R.

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (nothing that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before (citation omitted)); *Al-Sadoon v. FISI*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002) (noting that a Rule 59 motion is not an opportunity for a party to "reargue its prior position in the hope that the court will change its mind").

3

Regarding her argument that dismissal is unduly harsh and that the Court failed to consider less drastic sanctions, plaintiff fails to identify any legal authority that would suggest that the dismissal was clear error of law or manifestly unjust. And in the R&R, which this Court adopted, Magistrate Judge Guyton considered whether lesser sanctions were appropriate. He determined, and the Court agreed, that they were not appropriate because lesser sanctions had been imposed but they failed to deter plaintiff's noncompliance with discovery obligations.

With respect to plaintiff's contention that her discovery abuses were attributable to her prior counsel, the Court finds this argument unavailing. Parties are bound by counsel's conduct. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-634 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . ."); *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) ("Counsel's conduct is also attributable to his client."). Nonetheless, the evidence plaintiff identifies to support her contention that her previous counsel refused to accept the documents she was ordered to produce is not newly discovered evidence. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) ("To constitute 'newly discovered evidence,' the evidence must have been previously unavailable.").

4

Next, considering plaintiff's argument that defendant was not prejudiced by plaintiff's discovery violations, the Court disagrees. Moreover, with respect to this argument, plaintiff does not identify any newly discovered evidence or any intervening change in controlling law. The Court also finds no clear error of law, nor any manifest injustice. Finally, plaintiff asserts that the Court did not discuss its reasoning in the August 20, 2013 order. The Court, however, did express its reasoning in that order and found no merit in plaintiff's objections to the R&R.

Overall, plaintiff identifies no new evidence, no new legal authority, and no legal authority the Court overlooked in granting the motion for sanctions. Moreover, plaintiff does not identify any arguments or evidence that were or could not have been raised in her previous opportunities to oppose the motion for sanctions. Indeed, the evidence plaintiff relies upon in her motion to alter or amend appears to have been available to her prior to the deadline for responding to defendant's motions for sanctions and before the time to file objections to the R&R, as the evidence was referenced in other filings with the Court. The Court also finds that there was no manifest injustice in dismissing this action. While there is no general definition of manifest injustice, this Court has previously noted that "a showing of manifest injustice requires that there exist a *fundamental flaw* in the court's decision that without correction would lead to a result that is *both inequitable and not in line with applicable policy*." *United States v. Jarnigan*, No. 3:08-CR-7, 2008 U.S. Dist. LEXIS 60395, at *7 (E.D. Tenn. July 25, 2008) (emphasis in original) (citation omitted). The Court does not find those circumstances

present here. Accordingly, for these reasons, the Court will deny Plaintiff's Motion to Alter or Amend Court's Partial Summary Judgment [Doc. 136].

Turning next to plaintiff's motions to amend, plaintiff's motions ask for leave to file an amended complaint; yet, plaintiff attaches to those motions, not a proposed amended complaint as required by Local Rule 15.1, but documents in further support of her motion to alter or amend. The Court has considered those filings in determining the merits of plaintiff's motion to alter or amend, and to the extent that plaintiff requests leave to amend her complaint, the Sixth Circuit Court of Appeals has stated that "[f]ollowing entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). Because the Court finds plaintiff's motion to alter or amend lacks merit, it will therefore deny plaintiff's motions to amend the complaint.

For the reasons stated herein, Plaintiff's Motion to Alter or Amend Court's Partial Summary Judgment [Doc. 136], plaintiff's Motion to Leave to Amend Complaint [Doc. 140], and plaintiff's second Motion to Leave to Amend Complaint [Doc. 141] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE